8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Steven CEBALLOS, Defendant-Appellant.
 No. 92-5691.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 22, 1993.
Decided: October 25, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-92-52)
 Stefan Mitchell Calos, Hopewell, Virginia, for Appellant.
 Richard Cullen, United States Attorney, N. G. Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and PHILLIPS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Ronnie Steven Ceballos appeals his conviction of assault on a federal correctional officer in violation of 18 U.S.C.A. § 111 (West Supp. 1992), after a bench trial, as well as the thirty-six month sentence he received. He alleges that there was insufficient evidence to support the conviction, and that the sentencing guidelines were incorrectly applied. We affirm.
 
 
 2
 The charge grew out of a confrontation between Ceballos and James Hodge, a correctional officer at the Federal Correctional Institution at Petersburg, Virginia. Ceballos and Hodge gave radically different accounts of how the altercation began. Hodge testified that Ceballos attacked him without warning as he was preparing to pat down Ceballos before taking him to the office for a disciplinary charge. Ceballos said he acted in self defense. Hodge's testimony was corroborated by two inmates who were present. In accepting Hodge's version of events, the district court made a determination of credibility which is not reviewable on appeal. United States v. Saunders, 886 F.2d 56 (4th Cir. 1989). Therefore, we find sufficient evidence to support Ceballos's conviction.
 
 
 3
 After Ceballos was subdued by other officers, Hodge was examined by the prison physician and sent to a hospital emergency room. He had bruises and swelling on his face, a partially closed right eye, and abrasions and bruises elsewhere. He was treated with ice packs for his face and Tylenol III. His field of vision was temporarily limited by persistent swelling. Hodge was on total disability for three days, and on partial disability for the following week, during which time he could not drive or use equipment.
 
 
 4
 Guideline section 1B1.1, comment. (n.1(j))* provides:
 
 
 5
 "Serious bodily injury" means injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation.
 
 
 6
 The district court determined that Hodge had suffered serious bodily injury because the functioning of his eye was impaired for at least a week. As a result, guideline section 2A2.2 was applied, rather than section 2A2.4. See U.S.S.G. §§ 2A2.4(c)(1) (cross-reference), 2A2.2, comment. (n.1). Ceballos also received an enhancement for inflicting serious bodily injury. U.S.S.G. § 2A2.2((b)(3)(B).
 
 
 7
 Ceballos contends that the temporary impairment of Hodge's vision, caused by swelling and not by injury to the eye, is not within the guideline definition of "serious bodily injury." However, the swelling impaired the functioning of Hodge's eye for a significant time. We find that the enhancement was properly given.
 
 
 8
 The conviction and sentence are accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)